# Boyett *v.* Payne.

*Summary Proceeding against Attorney for Judgment for Money collected by Him.*

1. *Summary proceeding against an attorney for money collected by him; sufficiency of evidence to authorize relief.*—In a proceeding for a summary judgment against an attorney for money collected by him upon a judgment which he had procured (Code, § 3810), where there is evidence tending to show that said defendant, as an attorney, collected money on a judgment which he had recovered, and upon demand, failed and refused to pay over such money to the movant, who was shown to be entitled thereto, it is error for the court to give the general affirmative charge requested by the defendant; since, if the jury should believe the tendency of the evidence as set out above, the plaintiff would be entitled, to a judgment.

2. *Summary proceeding against attorney; admissibility of evidence.*—In a proceeding for summary judgment against an attorney who had collected money upon a judgment which he had procured, evidence of the judgment debtor's financial condition at the time of recovery of said judgment, it is admissible and relevant for the purpose of showing the value of such attorney's services, and the amount proper to be retained by him for such services.

3. *Same; same.*—In such a proceeding, where the movant was the transferee of the judgment which had been recovered, and the money of which had been collected by the defendant in said proceeding, an order sent by the original owners of said judgment to the attorney, directing him to turn over the money so collected by him to the movant, is relevant and admissible.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This was a summary proceeding instituted by the appellant, I. E. Boyett, against the appellee, John J. Payne.

On May 20th, 1897, Wright, Henderson & Rainer obtained a judgment against one M. C. Gantt, in the Circuit Court of Covington county for $111.94, together with

the costs of the suit. The defendant, John J. Payne, was one of the attorneys who obtained said judgment. The said judgment afterwards became the property of Henderson, Rainer & Hill, who sold and transferred the same to I. E. Boyett. Upon said judgment an execution was issued, and John J. Payne, as shown by his receipt to Gantt, the defendant in the execution, collected the full amount of the judgment, with interest and costs, and said execution was marked satisfied by the sheriff by the direction of said Payne. Boyett after having had said judgment transferred to him, made repeated demands upon said Payne for the money which the latter had collected on the execution due upon said judgment, and upon his refusal to pay said money, instituted the present proceedings by making a motion in accordance with Section 3810 of the Code of 1896, for a summary judgment against said Payne, as an attorney who had collected money upon a judgment.

The evidence shows without conflict that appellee was an attorney and was acting in that capacity in collecting the money on the judgment. His receipt to Gantt, the defendant, in execution is signed John J. Payne, Att'y. This receipt is dated December 22nd, 1900, and the sheriff's return on the execution shows that on December 26th, 1900, it was marked satisfied by order of plaintiff's attorney. Appellee admitted to appellant that he had collected $35.00 on the judgment and that he thought he had it in shape to collect the balance. This statement was made when appellant informed him he had bought a judgment. While appellee does not claim to have bought the judgment from Henderson, Rainer & Hill, but testified that Rainer told him that if he would get him $50.00, he (Payne) could have the balance, that he told Rainer he thought he could get it by Jan. 1st, 1901, and that Rainer said it would be all right. This, however, is denied by Rainer, his statement being that he made the offer to Payne, but that Payne simply said he would see about it. Barksdale confirms Rainer. Appellee also testifies that after his conversation with Rainer in September and October, 1900, he had a settlement with Gantt, and that Gantt paid him $25.00 at one time

and $10.00 at another, and then promised to pay the balance. None of this money was paid over to Rainer or Henderson, Rainer & Hill. On Sunday night, Dec. 23rd, 1900, appellee testifies that Gantt paid him the balance they had agreed on, and on Monday Dec. 24th, 1900, he paid the Clerk the costs in the case, said bill being receipted on Dec. 24th, 1900. The testimony of appellee also shows that he sent a money order to Rainer for $55.26, and that this was one-half the amount collected.

During the examination of the defendant as a witness he was asked if he knew the financial condition of Gantt in the fall of 1900. The court refused to allow this question to be asked, and to this ruling the plaintiff duly and legally excepted. Upon the plaintiff offering to introduce in evidence the order of Henderson, Rainer & Hill, directed to the defendant, and telling him to turn over to plaintiff the money collected on the judgment recovered against Gantt, the defendant objected to the introduction of said order. The court sustained the objection, and to this ruling the defendant duly excepted.

The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of said charges as asked: (1.) "If you believe the evidence, the plaintiff is entitled to recover and your verdict should be for the plaintiff." (2.) "If you believe the evidence, the plaintiff is entitled to recover $50.00 with interest at 5 per cent. per month from the time demand was made on defendant by plaintiff." The court gave at the request of the defendant the general affirmative charge in his behalf, and to the giving of this charge, the plaintiff duly excepted.

There were verdict and judgment in favor of the defendant.

The plaintiff appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

POWELL & ALBRITTON, for appellant.—Motion for a summary judgment against an attorney for money collected by him may be made by the person entitled to

the money.— Code 1896, § 3810. As to duties of attorneys and how contracts between attorney and client for compensation are viewed, see *Dickinson v. Bradford,* 59 Ala. 581; *White v. Tollirer,* 110 Ala. 300. Payne was one of the attorneys of record in the case against Gantt. As such he was authorized to collect the money on it. *Frazier v. Parks,* 56 Ala. 363.

No counsel marked as appearing for appellee.

SHARPE, J.—This appeal is from a judgment denying a motion made under section 3810 of the Code for a summary against the defendant as an attorney. On the trial there was evidence tending to show that in the fall of 1900, or later in the year, defendant as an attorney collected money on a judgment obtained by Wright, Henderson & Rainer to which the mover was entitled by virtue of a transfer of the judgment or fund made to him by Henderson, Rainer & Hill who had succeeded to the ownership of the judgment, and that defendant failed after proper demand therefor, to pay over the money. A finding of facts in accordance with this tendency of the evidence would have established a right in the mover to a judgment for the sum collected together with interest and damages as provided by the statute, less such amount as he may have legally disbursed, and such further amount as he may have had a right to retain as compensation for his services. In view of such evidence and possible right, the general affirmative charge requested by defendant should not have been given. Evidence of the judgment debtor's financial condition in the fall of 1900 was relevant to show the value of defendant's services and the amount proper to be retained by him therefor.

As evidence in the right of the mover to the fund and of a demand therefor by him on defendant, the order sent by Henderson, Rainer & Hill to defendant directing him to turn over the fund to the mover, was a proper subject of proof.

There was evidence having a tendency to show that defendant bought the judgment from Henderson, Rainer

[Davis v. Kornman.]

& Hill, and that the collection thereof was on his own account. The latter phase of the evidence rendered proper the refusal of the mover's requested charge.

Reversed and remanded.